78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael JOINER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2386.
 United States Court of Appeals, Seventh Circuit.
 Submissed Feb. 28, 1996.[1]
Decided March 1, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Michael Joiner appeals from the denial of his motion to vacate, set aside or correct his sentence, 28 U.S.C. § 2255.
 
 
 2
 Following a jury trial, Joiner was convicted of conspiracy, witness intimidation, retaliation against a witness, and use of a firearm in commission of a felony. 18 U.S.C. §§ 371, 1512, 1513, 924(c). He was sentenced to 20 years' imprisonment. The charges stemmed from the shooting of Thelma Tetter, the mother of a former El Rukn member who had been cooperating with the government in its investigation of El Rukn activities. We affirmed the convictions and sentences of Joiner and his codefendants in United States v. Johnson, 903 F.2d 1084 (7th Cir.1990).[2]
 
 
 3
 In the § 2255 motion, Joiner raises four issues, which we address below. In his subsequent pleadings before the district court, he added four more issues,[3] and on appeal he adds another six issues.[4] We decline to address any issues raised in reply pleadings or issues on appeal that were not before the district court. See United States v. Gaddis, 877 F.2d 605, 613 (7th Cir.1989). He may attempt to raise the issues in another § 2255 motion, but we caution him that such a motion might be subject to dismissal for abuse of the writ under Rule 9 of the § 2255 rules.
 
 
 4
 1. El Rukn Publicity/Prosecutorial Misconduct
 
 
 5
 Joiner maintains that prosecutorial misconduct resulting in publicity about the El Rukns tainted his trial. He relies on the fact that benefits were provided to government witnesses DeJean and Clark. But witness compensation was disclosed prior to trial, and was the basis for cross-examination by the defense at trial.
 
 
 6
 Joiner also cites "newly discovered evidence" regarding Henry Leon Harris's cooperation with the government. (Appellant's brief, pp. 15-17). Cause for failure to raise the issue on direct appeal may be established through a showing of newly discovered evidence. Reed v. Ross, 468 U.S. 1, 13 & n. 9 (1984); Norriss v. United States, 687 F.2d 899, 903 (7th Cir.1982). However, this argument fails, since the El Rukn cases to which Joiner refers were separate from his trial and conviction. The cooperating witnesses implicated in alleged misconduct in other El Rukn trials did not testify at Joiner's trial. The publicity he refers to concerned other El Rukn cases, not Joiner's conviction. Joiner has failed to demonstrate the existence of newly discovered evidence relevant to the offense for which he was convicted.
 
 2. No Weapon Introduced at Trial
 
 7
 Joiner contends that there was insufficient evidence regarding use of firearm where no gun was produced at trial.[5] He maintains that the district court "failed to satisfy the factual basis for each substantive element of the crimes charged," in violation of Fed.R.Crim.P. 32. The district court found no cause was offered for failure to raise this issue in the direct appeal, and that no prejudice was involved because the evidence showed that the gun was used during the crime. We agree. In any event, admitting the actual gun into evidence at trial was not necessary to support a conviction under § 924(c). The victim's gunshot wound was sufficient evidence that a firearm was used in the commission of the other crimes.
 
 
 8
 3. Ineffective Assistance of Counsel for Failure to Call Witness
 
 
 9
 Joiner next argues that his trial counsel was ineffective for failing to call Delores Howard as a defense witness. Joiner argues that this claim "represents different constitutional values from a claim based on confrontation clause under the sixth amendment." Under Strickland v. Washington, 466 U.S. 668, 688 (1984), Joiner must show that his attorney's performance fell below an objective standard of reasonableness, and that a reasonable possibility exists that but for his attorney's error the results of the proceeding would have been different. Even if Joiner could show a defective performance by his counsel, no prejudice could have resulted. He alleges (without a supporting affidavit) that Howard would have testified that she was in the apartment with government witnesses DeJean and Clark on the evening that Tetter was shot, and that she did not see the shooting. This testimony would have been of little use to Joiner, since the jury believed the testimony of DeJean and Clark that they saw Joiner and his codefendants passing around an object that appeared to be a gun and pulling down ski masks just prior to the Tetter shooting. Howard's testimony did not contradict the other two witnesses' testimony that they saw this activity prior to the shooting; none of them claimed to have seen the shooting. Thus, Howard's testimony would not have altered the outcome of the trial.
 
 4. Entitled to a Hearing
 
 10
 Finally, Joiner argues that he should be granted an evidentiary hearing. We disagree. No evidentiary hearing is required where it plainly appears that the petitioner is not entitled to relief or that a hearing would not produce evidence justifying the grant of a new trial. Dugan v. United States, 18 F.3d 460, 464 (7th Cir.1994).
 
 
 11
 Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the parties' briefs and the record
 
 
 [2]
 In the direct appeal, Joiner raised the following issues: (1) insufficient evidence regarding intent to retaliate or intimidate, and conspiracy to use a firearm while committing these felonies; (2) error at sentencing in the use of Joiner's fifth amendment right to remain silent instead of expressing remorse; (3) error at sentencing in mentioning his membership in the El Rukns; (4) excessive sentence; (5) violation of Fed.R.Crim.P. 32 in referring to unrelated shootings
 
 
 [3]
 In a reply memorandum in the district court, Joiner raised these four issues: (1) the district court lacked subject matter jurisdiction; (2) a Brady violation; (3) reference during sentencing another El Rukn shooting of a government witness's relative; and (4) inaccuracies in the presentence investigation report
 
 
 [4]
 The additional issues raised on appeal include: (1) indictment is insufficient (Appellant's Brief, p. 5); (2) entitled to a Franks hearing regarding the April 1987 affidavit of complaint tendered to a grand jury (p. 6); (3) error in an opening jury instruction (p. 8); (4) bias and prejudice of trial judge (p. 18); (5) Rule 32 proceedings were flawed (p. 19); and (6) imposition of consecutive sentences was improper (p. 21)
 
 
 [5]
 In his direct appeal, Joiner raised the issue of insufficient evidence regarding use of firearm. Here, he argues that the issue is different because he is arguing that the gun itself was not produced at trial. Cf. United States v. Johnson, 903 F.2d 1084, 1089 (7th Cir.1990)